State *v.* Butler.

THE STATE for use, etc., *v.* W. E. BUTLER *et al.*

CONSTITUTIONAL LAW. *Equal taxes. Value at time tax imposed.* Constitution, article 2, section 28, requires all taxes to be equal and uniform throughout the State. This requires that all property be assessed at its value at the time the tax is imposed. The act of 1883, which gives the chancery court power to reduce taxes assessed in Memphis before the charter of that city was repealed, "when it shall appear that such assessments are excessive in view of the present value of said property," is unconstitutional.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH, MYERS & SNEED and M. MERRIWETHER for complainants.

FINLAY & PETERS, GANTT & PATTERSON, HARRIS & TURLEY, METCALF & WALKER for Poston.

DEADERICK, C. J., delivered the opinion of the court.

Under the act of 1879, ch. 92, the receiver and

State v. Butler.

back tax collector, therein provided for, filed this bill in the name of the State on behalf of all the creditors of the extinct corporation of Memphis, against all the delinquent tax-payers of said corporation, which had been theretofore revived as a "taxing district." The act provided that under this bill the taxes should be collected, that had accrued up to the time of the repeal of the charter, and that back taxes imposed prior to 1875 might be settled by the valid indebtedness of the municipality, as provided by the act of March 20, 1875, and if in any case the taxes were excessive, the chancery court was authorized to reduce the assessment so as to make it fair and just. The creditors were authorized to file their claims in said cause, and publication was ordered to make all creditors parties. If the claims were not contested the holder was entitled to payment *pro rata.*

Either the receiver and back tax collector or any creditor might contest any claim, and any party, dissatisfied with the decision of any litigated question, may have such question reheard in the Supreme Court, by appeal or writ of error, upon so much only of the record as pertains to that particular litigation.

By the act of March 27, 1883, the foregoing act was amended, and, amongst other things, it was provided that the chancery court may reduce assessments, made before repeal of the charter, when it appears that such assessments are excessive, in view of the present value of said property, and when the assessments, on said property for State or county purposes, have been or may be reduced by the county court of the county

in which said property is situated. "Such reduction shall, if brought to the attention of the court by proper evidence, be *prima facie* sufficient for it to adopt and act upon the assessment as thus reduced in enforcing such taxes." Under this last named act, of March 27, 1883, the petitioners, D. H. and W. K. Poston, filed their petition in this case on April 12, 1883, praying the reduction of the taxes on two lots described. The taxes which it is sought to reduce were for the years 1862 to 1874 inclusive, and the annual assessments varied in amount from $12,350 to $23,700. No part of the taxes for those years was paid.

The petition alleges that the property was attached in 1859 or 1860, and was in litigation until 1870, and was neglected and almost vacant and abandoned and wholly unimproved, and that it was assessed greatly beyond its real value, and in 1875 and 1876 petitioners became the owners of the property and have since paid the taxes. They further allege that the lots were at no time worth more than $7,500. They pray a reduction of the taxes, and aver that the county court has reduced the assessments on said lots, at its October term, 1882, for said years to $9,500, and file as an exhibit to their petition a copy of the proceedings of the county court. The deposition of D. H. Poston was taken. He deposes that the property was then worth $6,000 to $8,000.

The chancellor reduced the assessment to $9,500 on both lots, and certain creditors named, and the receiver and back tax collector, have appealed to this court.

Appellants filed a bill of exceptions, which was signed by the chancellor, showing that they excepted to the reading as evidence of the copy of the order of the county court, and the deposition of said Poston, upon the ground that they were irrelevant and incompetent as evidence, but these exceptions were overruled. It also appears that the claims of the appellant creditors, had been duly filed and established in this cause.

·Petitioners insist that under the act of 1883, passed 23d and approved 27th of March, the chancery court was authorrized to reduce the assessments upon the property in question.

Our Constitution require all property to be taxed according to its value, that value to be ascertained in such manner as the Legislature may direct, so that taxes shall be equal and uniform throughout the State: Art. 2, sec. 28.

Undoubtedly these fundemental principles of taxation are intended to apply to the time at which such taxes are assessed, so that the property taxed shall be so taxed at this value at the time at which the tax is imposed; and also the equality and uniformity of taxation required, are equality and uniformity with taxes on property of like character imposed at or about the same time.

Nor do these requiremer present any impediment to providing agencies to reduce assesments, which were, at the time they were imposed, excessive and unequal.

But it is not competent to the Legislature to prescribe a rule for the reduction of assessments, which

will violate the manifest object of the fundamental law. That object is that the property must be taxed at its value, at the time the tax is imposed. A tax for 1866 must be for the value of the property in that year, not its value five years before or after. This may be widely different from its value in the year for which it is taxed.

The act of 1879, ch. 92, sec. 4, gives the chancery court power to reduce assessments, so as to make them fair and just, when it appears that the taxes imposed were excessive, that is, excessive when imposed. But the act of 1883 gives said court the power to reduce assessments, made before the charter of a municipal corporation was repealed, "when it shall appear to it that such assessments are excessive, in view of the present value of said property," etc. Thus making the value in 1866, when a tax was imposed, dependent upon and determinable by its value in 1883, or at such time as the court may undertake to correct the valuation of previous years. This reduction cannot be said to have been made upon the ground that the assessment was excessive or unequal at the time it was made, but that it was excessive in view of the present value of the property.

The petitioners seek to have the judgment of the chancellor corrected so as to charge the property for all the years before their purchase at its present value. They have sued out a writ of error, and the only fact proved by the deposition of D. H. Poston was that the present value of the property was $6,000 to $8,000, being less than the amount found by the

chancellor. We are of opinion that the chancellor's decree was erroneous and must be reversed, and the petition dismissed with costs.

DEADERICK, C. J., upon motion to rehear, delivered the following opinion:

The petitioners, D. H. & W. K. Poston have presented a petition to rehear this cause in the matter of their petition to have the tax of Memphis city, upon certain lots described, reduced.

The argument is, that the reduction made by the county court to $9,500 was made on the basis of the value at the time the assessment was made.

The reduction was made on this property to $9,500 by the county court under the act of 1879, ch. 152, entitled an act to allow partial redemption of land sold for taxes, and for the relief of tax-payers.

It provides by sec. 1, that the quarterly courts, upon satisfactory reasons, by affidavit shown, may authorize the redemption of any part of a lot or tract of land heretofore sold to the Treasurer, for State and county taxes due thereon, etc.

And sec. 2 provides that the quarterly court is further authorized, for good reason shown by affidavit, to reduce the assessment and to remit interest and penalties on a lot or tract of land or portion thereof, which has been heretofore sold for State and county taxes to the Treasurer of the State, etc.

It was under this act that the county court reduced the value of the lots in question to the uniform value of $9,500 for each of the years, from 1866 to 1874.

The record, however, does not disclose that said lots had ever been sold for State and county taxes to the Treasurer of the State, which is one of the conditions upon which the county court had jurisdiction to reduce the assessments under said acts.

By the express provisions of the act of .1883, March 27, sec. 1, the chancery court shall have power to reduce assessments, when it shall appear to it that such assessments are excessive, *in view of the present value of the property,* and when it appears assessments have been reduced by the county court for State and county purposes, such reduction shall be *prima facie* sufficient for it (the chancery court) to adopt and act upon such assesment.

We do not understand this section as adopting two classes of cases, as argued : 1st. Those in which orders of reduction, were made by the county court; and 2d. Those in which the application is made in the first instance for reduction, to the chancery court.

If this were the true construction of the section, it necessarily contains two distinct and antagonistic bases of valuation. Indeed this is virtually admitted in the argument for rehearing. It is said that only in the application made in the first instance to the chancery court for reduction, can said court take into view the present value of the property. And in another part of the argument, it is said that the reduction to $9,500 was adopted upon the action of the county court, and was the valuation at the time of the several assessments.

Thus the same section of this act is construed as

State *v.* Butler.

authorizing the chancery court, where the county court reduction is not offered in evidence, to take into view the present value of the property; and where said county court reduction is offered in evidence, it is to be construed as evidence of the value of the series of years in which the assessments were made. The act of 1879 has reference only to the State and county taxes, the act of 1883 to taxes for municipal corporations.

We think the true construction of the act of 1883, sec. 1, is, that the chancery court may reduce assessments for previous years, when excessive, in view of the present value of the property, and that the valuation made by the county court in reduction by it, may be taken as *prima facie* evidence of its present value, for it is by this standard the act authorizes the chancery court to value the property, and it makes the action of the county court *prima facie* evidence of such value. So that the principle of present value, in reduction of value of former years, is the rule prescribed by that section, and the action of the county court is by the act made *prima facie* evidence on which the chancery court may act.

It is also objected that appellants have no right to raise the question passed upon, having no vested right in an assessment of taxes. We have decided at this term that these appellants and other creditors of their class have a right, under the act of 1879, to have their claims paid out of the fund arising from delinquent taxes, and are therefore interested in that fund, and, under sec. 10 of said act, when dissatisfied

27—VOL. 11.

with the decision, in any litigated question, may have the same reheard in this court by appeal.

We are satisfied with the correctness of the opinon heretofore pronounced, and dismiss the petition for rehearing.